IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| STEPHEN PATRICK KELLY<br><br>Plaintiff,<br><br>vs.<br><br>MERRELL FOOTWARE INC.,<br>YELLOWSTONE SPORTS<br>RETAILER, LLC,<br><br>Defendants. | CV 23-20-BLG-SPW-TJC<br><br>**FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE** |

**I.     Background**

Plaintiff Stephen Patrick Kelly ("Plaintiff"), a self-represented litigant, filed this action on March 7, 2023, alleging claims for products liability and false advertising against a shoe manufacturer and retail store. (Doc. 2.)

On May 1, 2023, the Court issued an order granting Plaintiff's motion to proceed in forma pauperis. (Doc. 6.) The Court also advised Plaintiff that his complaint failed to show that there is diversity jurisdiction, and gave him the opportunity to file an amended complaint by May 29, 2023. (*Id.*) Plaintiff did not, however, amend his complaint by the deadline.

In addition, the Court expressly advised Plaintiff to notify the Court of any change in his mailing address, and warned that his failure to do so may result in the

1

dismissal of this action. (Docs. 3, 6.) Plaintiff previously notified the Court of one change of address (Doc. 5), but the Court's mailing of the May 1, 2023 order was returned as undeliverable. (Doc. 7.)

On June 1, 2023, the Court ordered Plaintiff to show cause why this case should not be dismissed for failure to prosecute and failure to comply with the Court's orders under Federal Rule of Civil Procedure 41(b). (Doc. 8.) Plaintiff failed to respond to the Court's order, and the deadline to do so has now passed.

## II. Discussion

Federal Rule of Civil Procedure 41(b) authorizes the Court to dismiss an action sua sponte if the plaintiff fails to prosecute or to comply with a court order. *Hells Canyon Preservation Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005). To determine whether Plaintiff's failure to prosecute or comply with a court order warrants dismissal, the Court must consider the following factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002).

The first two factors relate "to the efficient administration of judicial business for the benefit of all litigants with cases pending." *Nealey v. Transportacion Maritima Mexicana, S. A.*, 662 F.2d 1275, 1279 (9th Cir. 1980). "The trial judge is in the best position to determine whether delay in a particular case interferes with docket management and the public interest." *Pagtalunan*, 291 F.3d at 642.  Here, Plaintiff has not filed an amended complaint, has not kept his address updated, and has not responded to the order to show cause.  The Court cannot manage its docket if Plaintiff refuses to comply with the Court's orders. Plaintiff's case has consumed judicial resources and time that could have been devoted to other matters.  The first two factors, therefore, weigh in favor of dismissal.

The third factor requires the Court to weigh the risk of prejudice to Defendants.  Because Defendants have not been served, they have not yet suffered any actual prejudice.  Nevertheless, in light of Plaintiff's failure to file an amended complaint, keep his address updated, or respond to Court orders, this matter could linger indefinitely and result in a heightened risk of prejudice to Defendants.  Thus, the third factor weighs in favor of dismissal.

The fourth factor also weighs in favor of dismissal.  The Court has considered less drastic alternatives, such as allowing amended pleadings and

providing additional time. *Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981). Based on the record thus far, as well as Plaintiff's recent history of litigation before this Court,[1] there is no reason to expect Plaintiff will respond if he is given additional opportunities to comply with the Court's orders. The Court is not required to exhaust all less drastic alternatives prior to dismissal. *Id.* At this juncture, the Court can envision no further alternatives to dismissal.

The last factor weighs against dismissal because public policy favors disposition of cases on their merits. *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998). But given the other factors favoring dismissal, the weight of this factor is slight.

On balance, the Court finds dismissal is warranted under Rule 41(b).

/ / /

/ / /

/ / /

---

[1] Since 2021, at least 8 actions filed by Plaintiff in this district have been dismissed for failure to prosecute and failure to comply with court orders. *See e.g. Kelly v. Rosebud County*, CV-22-83-BLG-SPW-TJC; *Kelly v. National Park Service*, CV-22-56-BU-BMM; *Kelly v. Albertsons*, CV-22-75-BU-BMM; *Kelly v. Cornish*, CV-21-30-H-SEH; *Kelly v. Direct Express, Inc.*, CV-21-34-H-SEH; *Mather and Kelly v. McLean and Associates*, CV-21-43-H-BMM; *Kelly v. Anderson*, CV-21-50-H-BMM; *Kelly v. City of Helena Police Dept.*, CV-22-76-H-BMM.

### III. Conclusion

Based on the foregoing, **IT IS HEREBY RECOMMENDED** that:

1. Plaintiff's Complaint (Doc. 2) be **DISMISSED without prejudice** pursuant to Rule 41(b) for failure to prosecute and failure to comply with the Court's orders.

2. The Clerk of Court be directed to enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

**NOW, THEREFORE, IT IS ORDERED** that the Clerk shall serve a copy of the Findings and Recommendations of United States Magistrate Judge upon the parties. The parties are advised that pursuant to 28 U.S.C. § 636, any objections to the findings and recommendations must be filed with the Clerk of Court and copies served on opposing counsel within fourteen (14) days after service hereof, or objection is waived.

**IT IS ORDERED**.

DATED this 22nd day of June, 2023.

_____
TIMOTHY J. CAVAN
United States Magistrate Judge